### John A. Pace et al. v. Minor B. Neal, use, etc.

1. DAMAGES—*In Suits upon Replevin Bonds.*—Where the plaintiff in replevin dismisses his suit and fails to return the property in accordance with the order of the court in the replevin suit, he will be liable upon the replevin bond for value of the property not returned, with interest and reasonable attorneys' fees in the replevin suit, as damages.

**Debt,** upon a replevin bond. Appeal from the Circuit Court of De-Witt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed November 11, 1900. Rehearing denied.

HERRICK & HERRICK, attorneys for appellants.

MOORE, WARNER & LEMON, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an action of debt by appellee against appellants upon a replevin bond, wherein a trial by jury resulted in a verdict and judgment against appellants for $845.88 damages, to reverse which this appeal is prosecuted. In legal effect the court instructed the jury to find for the plaintiff for the value of the corn which defendants had failed to return, according to the condition of their obligation, with

five per cent interest and reasonable attorneys' fees. The appellants insisted this was error, and that the court erred in the admission of evidence and in sustaining demurrer to certain pleas; and for these reasons we are asked to reverse the judgment. The material facts established are that the Middle Division Elevator Company, for whose use this suit is brought, sued out an attachment May 17, 1898, against Gambrel, the owner of the corn in controversy, and it was levied by the sheriff upon the corn. In June, following, Sarah Palmer, having a superior claim, which was not controverted, replevied the corn from the sheriff, and sold enough thereof to pay her claim, and the sheriff was not otherwise molested in his control of it. November 2, 1898, the corn was sold by the sheriff as perishable property, under the provisions of the statute in such cases, the Elevator Company becoming the purchaser, at $600. May 20, 1898, after the levy of the attachment writ, Gambrel gave a chattel mortgage upon the same corn to appellant Pace, to secure $750, which constituted the sole claim of appellants to the property, and upon the basis of such claim replevied it, and thereafter dismissed such suit, and return of the property was awarded.

We are of the opinion that under the pleas that remained after the demurrer was sustained to the others, appellants could have introduced all proper matters of defense, and hence if there was error in sustaining the demurrer it was harmless. No other defense than the chattel mortgage existed, and that was ineffective as such defense for the reason that it was given and accepted upon the property after the levy of the attachment writ upon it. The mere intervention of Palmer with a superior claim did not deprive the attachment writ of its lien, nor confer any greater right upon appellants than they had before. The Middle Division Elevator Company obtained a judgment for $939.67 in its attachment suit, and by the previous sale of the sheriff the title of the corn vested, and appellants having failed to return it in accordance with the final order of the court in the replevin suit in which the bond sued upon was given,

and appellee being entitled to it in virtue of the proceedings, was entitled to recover the value of it, with damages, to be credited upon the judgment against Gambrel. As a matter of law, under the facts as they appeared, appellants were liable for the value of the corn, with interest and reasonable attorneys' fees in the replevin suit as damages, and it was proper for the court to instruct the jury directly to such effect, as it did, and in such condition of the case all other errors complained of by appellants were harmless. No other verdict than the one returned would have been proper, or responsive to the law and the facts, and where that is the case there can be no harmful errors. The judgment of the Circuit Court will be affirmed.